UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:

CYNTHIA KUNESKY,

    Plaintiff,

vs.

PAIGE'S ROOT BEER, INC., a Florida corporation,
KEVIN L. PAIGE, an individual, and MICHAEL
JONATHAN MAXWELL, an individual,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND JURY TRIAL DEMANDED

Plaintiff, CYNTHIA KUNESKY, files this Complaint for Damages against Defendants, PAIGE'S ROOT BEER, INC. (hereinafter, "PRB"), KEVIN L. PAIGE (hereinafter, "PAIGE"), and MICHAEL JONATHAN MAXWELL (hereinafter, "MAXWELL"), and states as follows:

### INTRODUCTION

1. This is an Action for tip theft under the Fair Labor Standards Act, as amended, 29 U.S.C. §201 *et seq.*, stemming from the Plaintiff's employment with the Defendants. The Plaintiff also seeks minimum wages pursuant to the Florida Minimum Wage Amendment ("FMWA") Art. X, §24 Fla. Const. Finally, the Plaintiff also brings a claim for retaliation against the Defendants after she was

terminated and retaliated against for complaining about the Defendants' failure to pay her wages in conformance with the FLSA and FMWA.

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the Defendants operated an enterprise engaged in interstate commerce.

3. The Defendants are subject to the jurisdiction of this Court because they engaged in substantial and not isolated activity within the Middle District of Florida.

4. The Defendants are also subject to the jurisdiction of this Court because they operated, conducted, engaged in, and/or carried on business in Lecanto and Dunnellon, Florida, in the Middle District of Florida.

## VENUE

5. The venue of this Court over this controversy is based upon the following:

    a. The unlawful employment practices alleged below occurred and/or were committed in the Middle District of Florida, and;

    b. Defendant is and continues to be a corporation doing business within this judicial district.

## PARTIES

6. At all times material hereto, Plaintiff, CYNTHIA KUNESKY, was a resident of Citrus County, Florida.

7. At all times material hereto, PAIGE resided in Lecanto, Florida, and was conducting business in Citrus County, Florida.

8. At all times material hereto, MAXWELL resided in Lecanto, Florida, and was conducting business in Citrus County, Florida.

9. At all times material hereto, PRB was domiciled and conducting business in Citrus County, Florida.

10. At all times pertinent to this Complaint, the Defendants regularly owned and operated a restaurant chain called "Paige's Root Beer" in both Citrus County and Marion County, Florida, which operated as a single, integrated, joint enterprise that engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

11. During the relevant time period, the Paige's Root Beer locations in Citrus and Marion Counties, Florida, shared workers and resources.

12. During the relevant time period, PRB's integrated business enterprise had an annual gross volume of sales made or business done of not less than $500,000.00.

13. At all times material hereto, PRB's integrated enterprise was an "enterprise engaged in commerce" within the meaning of the FLSA.

14. At all times material hereto, the work performed by Plaintiff was directly essential to the business conducted by Defendants.

15. Plaintiff has fulfilled all conditions precedent to the institution of this action, and/or such conditions have been waived.

## STATEMENT OF FACTS

16. The Defendants operated a casual dining restaurant chain selling primarily hamburgers and other food/drink items. In the course of conducting that restaurant business, the Defendants employed cashiers and servers.

17. The Plaintiff was employed as a server/cashier from about January 15, 2025, to about July 18, 2025.

18. The Defendants supervised Plaintiff's work, created her work schedules and determined Plaintiff's rate of pay.

19. MAXWELL and PAIGE co-managed PRB and regularly discussed the policies, practices, and personnel matters of PRB.

20. The Plaintiff was an employee of the Defendants.

21. During all times material hereto, Defendants were the Plaintiff's employers.

22. While employed, the Defendants' customers would give the Plaintiff's tips.

23. PRB had a policy or practice of requiring servers and/or cashiers to share 50% of tips with manager MAXWELL.

24. MAXWELL received tips during his employment that had been given to PRB's servers and/or cashiers.

25. PRB paid Plaintiff $10.00 per hour, exclusive of customer tips.

26. On or about July 13, 2025, the Plaintiff complained about the Defendants' unlawful policy of requiring servers/cashiers to give 50% of their tips to manager MAXWELL.

27. On July 18, 2025, MAXWELL, after speaking with PAIGE, advised the Plaintiff that she was being terminated from her employment with PRB.

28. Defendant, PAIGE, was directly involved in decisions affecting the compensation of Plaintiff, her work schedule, and the terms and conditions of her employment.

29. PAIGE had authority at PRB to hire and fire employees.

30. PAIGE is personally liable for the FLSA and FMWA violations alleged herein.

31. Defendant, MAXWELL, was directly involved in decisions affecting the compensation of Plaintiff, her work schedule, and the terms and conditions of her employment.

32. MAXWELL had authority at PRB to hire and fire employees.

33. MAXWELL is personally liable for the FLSA and FMWA violations alleged herein.

34. The Plaintiff has retained Bober & Bober, P.A. to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

## COUNT I

## VIOLATION OF 29 U.S.C. §§ 206 AND 203(m)

35. Plaintiff reallege Paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. Under the FLSA, 29 U.S.C. §203(m), an employer may use a portion of its tipped employees' earned tips to meet its minimum wage obligations (*i.e.*, take a tip credit) if the employer satisfies the following requirements: (1) the employer must inform such employee of the requirements for a tip credit as required by §203(m); and, (2) the employee is permitted to retain all tips the employee receives with the exception of a valid tip pool "among employees who customarily and regularly receive tips." 29 U.S.C. §203(m).

37. The FLSA 29 U.S.C. §203(m) and 29 C.F.R. §531.59 require employers to provide all the following information to tipped employees in advance of taking a tip credit:

   a. The amount of the cash wage that is to be paid to the tipped employee by the employer.

   b. the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer,

    which amount may not exceed the value of the tips actually received by the employee;

   c. that all tips received by the tipped employee must be retained by the employee except for a tip pooling arrangement limited to employees who customarily and regularly receive tips; and,

   d. that the tip credit shall not apply to any employee who has not been informed of the requirements in this section [203(m)].

38. Under the FLSA's tip credit requirements, employers are not prohibited from having a tip pool that includes employees who "customarily and regularly receive tips." 29 U.S.C. §203(m)(2)(A).

39. "An employer may not keep tips received by its employees *for any purpose* . . . regardless of whether or not the employer takes a tip credit." 29 U.S.C. §203(m)(2)(B) (emphasis added).

40. Regardless of whether or not an employer takes a tip credit, however, "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips." 29 U.S.C. § 203(m)(2)(B).

41. "Any employer who violates the [minimum wage or overtime] provisions of section 206 or section 207 . . . shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. §216(b).

42. For the purpose of calculating overtime compensation under the FLSA, an employee's regular rate "cannot be lower than such applicable [state] minimum, for the words 'regular rate at which he is employed' as used in [the FLSA] must be construed to mean the regular rate at which he is lawfully employed." 29 C.F.R. §778.5.

43. Any employer who violates section §203(m)(2)(B) . . . shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages." 29 U.S.C. §216(b).

44. The Plaintiff was entitled to retain all her tips.

45. The Defendants engaged in the theft of Plaintiff's tips.

46. The Defendants acted willfully.

47. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages according to the FLSA.

WHEREFORE, Plaintiff respectfully requests against the Defendants:

a.　judgment in their favor for all tips retained by the Defendants;

b.　liquidated damages;

c.　attorney's fees and costs pursuant to the FLSA;

d.　post-judgment interest;

e.　all other and further relief this Court deems to be just and proper.

## COUNT II

## **VIOLATION OF ARTICLE X, SECTION 24 OF THE FLORIDA CONSTITUTION**

48. Plaintiff reallege Paragraphs 1 through 34 of this Complaint as if fully set forth herein.

49. As outlined in 29 U.S.C. § 218(a)'s savings clause, the federal minimum wage does not preempt a higher state minimum wage.

50. Under the FLSA's tip credit requirements, which are incorporated into the FMWA, employers are not prohibited from having a tip pool that includes employees who "customarily and regularly receive tips." 29 U.S.C. §203(m)(2)(A).

51. Under the FLSA, 29 U.S.C. §203(m), an employer may use a portion of its tipped employees' earned tips to meet its minimum wage obligations (*i.e.*, take a tip credit) if the employer satisfies the following requirements: (1) the employer must inform such employee of the requirements for a tip credit as required by §203(m); and, (2) the employee is permitted to retain all tips the employee receives with the exception of a valid tip pool "among employees who customarily and regularly receive tips." 29 U.S.C. §203(m); *see also* Fla. Const. Art. X, §24(c) (adopting the FLSA's tip credit requirements).

52. The FLSA 29 U.S.C. §203(m) and 29 C.F.R. §531.59 require employers to provide all the following information to tipped employees in advance of taking a tip credit:

    a. The amount of the cash wage that is to be paid to the tipped employee by the employer.

    b. the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee;

    c. that all tips received by the tipped employee must be retained by the employee except for a tip pooling arrangement limited to employees who customarily and regularly receive tips; and,

    d. that the tip credit shall not apply to any employee who has not been informed of the requirements in this section [203(m)].

53. "An employer may not keep tips received by its employees *for any purpose* . . . regardless of whether or not the employer takes a tip credit." 29 U.S.C. §203(m)(2)(B) (emphasis added).

54. Regardless of whether or not an employer takes a tip credit, however, "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips." 29 U.S.C. § 203(m)(2)(B).

55. "Any employer who violates the [minimum wage or overtime] provisions of section 206 or section 207 . . . shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."  29 U.S.C. §216(b).

56. Any employer who violates section §203(m)(2)(B) . . . shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages."  29 U.S.C. §216(b).

57. The Defendants failed to satisfy all conditions precedent aforesaid for taking a tip credit.

58. The Plaintiff was entitled to retain all her tips.

59. The Defendants engaged in the theft of Plaintiff's tips.

60. Defendants paid Plaintiff below the Florida minimum wage during her employment.

61. Plaintiff was entitled to be paid the applicable full Florida minimum wage for each hour worked during her employment with Defendants because Defendants failed to follow all the requirements for taking a tip credit under the FMWA.

62. Defendants required and operated an invalid tip pool at PRB by requiring tipped servers and/or cashiers to relinquish a percentage of their tips to PRB management.

63. Through the invalid, mandatory tip pool, Defendants improperly kept Plaintiff's tips by making her relinquish a percentage of their tips to PRB management.

64. The requirement that Plaintiff give tips to PRB's managers through the tip pool invalidates any tip credit taken by Defendants.

65. Plaintiff is entitled to recover wages in the amount of the tip credit taken by Defendants, all unlawfully distributed tips to ineligible employees, and an equal amount of liquidated damages.

66. Defendants' conduct was willful.

67. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages according to the FLSA.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants, and grant the following relief:

    a. finding Defendants violated the FMWA;

    b. finding Defendants liable for tips taken and unlawfully distributed to ineligible employees;

    c. finding Defendants liable for any unpaid Florida minimum wages;

    d. awarding an equal amount in liquidated damages;

    e. awarding pre-judgment interest if the Court declines to award liquidated damages;

    f. awarding post-judgment interest;

    g. awarding reasonable attorneys' fees and costs; and,

    h. awarding such other relief as the Court deems just.

## COUNT – III

### RETALIATION IN VIOLATION OF 29 U.S.C. § 215 AND THE FLORIDA MINIMUM WAGE AMENDMENT

68. Plaintiff reallege Paragraphs 1 through 34 as if fully stated herein.

69. Pursuant to 29 U.S.C. § 215, and Art. X, §24 (the Florida Minimum Wage Amendment) Plaintiff was entitled to engage in and assert protected activities and rights without retaliation.

70. Plaintiff engaged in statutorily protected activity when she complained about the Defendants' unlawful policy that required her to share 50% of her tips with the PRB's manager(s).

71. After engaging in statutorily protected activity on or about July 13, 2025, CYNTHIA KUNESKY was terminated from her employment with the Defendants on or about July 18, 2025.

72. A causal link exists between the Defendants' decision to terminate Plaintiff and the Plaintiff's efforts to engage in activities protected by the FLSA and Florida Minimum Wage Amendment.

73. Defendants' actions were not taken for a legitimate, non-retaliatory reason.

74. As a result of the Defendants' unlawful conduct, the Plaintiff has suffered damages.

WHEREFORE, Plaintiff, respectfully requests that judgment be entered in her favor against Defendants:

    a.     Declaring that Defendants retaliated against Plaintiff for asserting and engaging in FLSA and FMWA-protected conduct;

    b.     Declaring that Defendants violated 29 U.S.C. § 215 and Art. X §24 Fla. Const.;

    c.     Awarding Plaintiff back pay and front pay (through age 65), respectively, in the amount calculated;

    d.     Awarding Plaintiff liquidated damages in the amount calculated;

    e.     Awarding Plaintiff post-judgment interest;

    f.     Awarding Plaintiff compensatory damages for emotional pain, suffering, humiliation, and other expenses incurred by Plaintiff;

    g.     Awarding Plaintiff equitable relief;

    h.     Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation;

    i.     Ordering any other and further relief this Court deems to be just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as of right by jury.

        Respectfully submitted,

        BOBER & BOBER, P.A.
        Attorneys for Plaintiff
        4000 Hollywood Blvd., Suite 555-S
        Hollywood, FL 33021
        Phone: (954) 922-2298
        Fax: (954) 922-5455
        peter@boberlaw.com

        By: */s/. Peter J. Bober*
            PETER BOBER
            FBN: 0122955